SHIRLEY MCVAY WISEMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wiseman v. Commissioner
Docket No. 24183-93
United States Tax Court
T.C. Memo 1995-203; 1995 Tax Ct. Memo LEXIS 204; 69 T.C.M. (CCH) 2564; May 10, 1995, Filed *204 Decision will be entered under Rule 155. P aggregated a passive loss distributed to her from her 25-percent partnership interest in LP, and passive income distributed to her from her 25-percent partnership interest in JV. The passive income reflected ground rents received by JV for its lease of undeveloped land to GP, a partnership in which LP owned 85 percent of the interests. The passive losses reflected losses incurred from GP's leasing to third parties of improvements that it constructed on the land. Less than 30 percent of the unadjusted basis of property owned by JV with respect to its ownership of the land consisted of depreciable property. Held: The leasing activities of JV, GP, and LP are separate rental real estate undertakings under sec. 1.469-4T(a)(3)(ii), Temporary Income Tax Regs., 54 Fed. Reg. 20542 (May 12, 1989), and JV does not meet the 30-percent test of sec. 1.469-4T(k)(6), Temporary Income Tax Regs., 54 Fed. Reg. 20562 (May 12, 1989); accordingly, sec. 469, I.R.C. prevents P from aggregating the income and loss. For petitioner: John D. Alford. For respondent: Michael F. O'Donnell. LARO
LARO
MEMORANDUM *205 OPINION LARO, Judge: This case was submitted to the Court fully stipulated. Shirley McVay Wiseman petitioned the Court to redetermine respondent's determination of a $ 69,759 deficiency in her 1989 Federal income tax and a $ 13,952 penalty under section 6662. Following concessions by the parties, the sole issue for decision is whether section 469 prevents petitioner from aggregating her distributive loss from one partnership against her distributive income from a different partnership. We hold it does. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Background
The stipulations and attached exhibits are incorporated herein by this reference. [1] Petitioner resided in Washington, D.C., when she petitioned the Court. She reported on her 1989 Federal income tax returns (original and amended) a passive loss distributed to her from her 25-percent interest in Man O' War limited partnership (LP), [2] and passive income distributed to her from her 25-percent interest in the Richmond Road/Man O' War Joint Venture (JV). Petitioner aggregated the *206 loss and the income. JV acquired an undeveloped tract of land (Land) in 1982. JV leased the Land to Man O' War general partnership (GP), and GP constructed improvements on it. The improvements included a shopping center, movie theatre, and restaurant. GP leased the improvements in 1989 to third parties, and it collected rents therefrom. In 1989, more *207 than 85 percent of the total unadjusted basis of the Land and the improvements consisted of real property; more than 30 percent of the total unadjusted basis of the Land and the improvements consisted of depreciable property; less than 30 percent of the unadjusted basis of property owned by JV with respect to its ownership of the Land consisted of depreciable property. The passive income claimed on petitioner's 1989 tax return reflected her distributive share of ground rents received by JV for the lease of the Land to GP. The passive losses reflected her distributive share (from LP) of the net loss incurred by GP from its leasing of the improvements to the third parties. Respondent recharacterized petitioner's distributive share of income from JV as nonpassive income, see sec. 1.469-2T(f)(3), Temporary Income Tax Regs., 53 Fed. Reg. 5721 (Feb. 25, 1988), and did not allow petitioner to aggregate this income with her distributive share of the net loss from LP. Discussion
Section 469 was designed to limit deductions for losses from passive activities. Estate of Wallace v. Commissioner, 95 T.C. 525, 551 (1990), affd. *208 965 F.2d 1038 (11th Cir. 1992). To this end, taxpayers generally may not deduct passive activity losses. Sec. 469(a). A "passive activity" is "any activity -- (A) which involves the conduct of any trade or business, and (B) in which the taxpayer does not materially participate." Sec. 469(c)(1). A "passive activity" also includes rental activities. Sec. 469(c)(2). Income from the rent of nondepreciable property, however, is generally recharacterized from passive income to nonpassive income because these so-called "ground rents" are more akin to portfolio investment income than rental income. [3]Sec. 1.469-2T(f)(3), Temporary Income Tax Regs.; see also H. Conf. Rept. 99-841, at II-147 (1986), 1986-3 C.B. (Vol. 4) 147. Section 1.469-2T(f)(3), Temporary Income Tax Regs., provides: If less than 30 percent of the unadjusted basis of the property used or held for use by customers in a rental activity * * * during the taxable year is subject to the allowance for depreciation under section 167, an amount of the taxpayer's gross income from the activity equal to the taxpayer's net passive income from the activity shall be treated *209 as not from a passive activity. * * *
Petitioner argues that she may aggregate her distributive shares of the income from JV and the loss from LP because the partnerships' undertakings are one activity. As we understand petitioner's argument, the term "activity" simply means the appropriate economic unit for measuring gain or loss from properties used in an operation. Petitioner concludes that JV, GP, and LP may treat their rental undertakings as a single activity because the three undertakings are a single economic unit for measuring gain and loss; i.e., JV's Land includes GP's improvements, and GP is owned 85 percent by LP. Petitioner primarily relies on bits and pieces of section 1.469-4T(a)(4), Temporary Income Tax Regs, 54 Fed. Reg. 20542 (May 12, 1989). We are unpersuaded by petitioner's argument. The activities conducted by JV, GP, and LP are not one activity for purposes of section 469. The application of the *210 passive loss rules hinges on a determination of the taxpayer's "undertaking" and "activity". Each undertaking owned by a taxpayer is usually a separate and distinct activity. Sec. 1.469-4T(a)(3) and (4), (b)(1), Temporary Income Tax Regs., 54 Fed. Reg. 20544 (May 12, 1989). In certain cases, however, a taxpayer may aggregate his or her separate undertakings into a single activity. A taxpayer determines whether one or more undertakings are aggregated into a single activity, after he or she determines whether each operation is a separate undertaking. Business or rental operations are a single undertaking only if the operations are: (1) A separate source of income production, (2) conducted at the same location, and (3) owned by the same person. Sec. 1.469-4T(c)(1) and (2), Temporary Income Tax Regs., 54 Fed. Reg. 20542-20543 (May 12, 1989). Business or rental operations are separate undertakings if one of these three prongs is not met. Sec. 1.469-4T(a)(3)(ii), Temporary Income Tax Regs. Business and rental operations are owned by the same person "if and only if one person (within the meaning of section 7701(a)(1)) is *211 the direct owner of such operations." (Emphasis added). Sec. 1.469-4T(c)(2)(v), Temporary Income Tax Regs. The term "person" includes an individual, partnership, association, company, or corporation. Sec. 7701(a)(1). The operations of JV, GP, and LP are separate undertakings. These operations are not owned directly by the same person. Petitioner is not the direct owner of any of these undertakings because she does not directly own any one of them. Sec. 1.469-4T(c)(2)(v), Temporary Income Tax Regs. Petitioner indirectly owns a portion of each undertaking through her partnership interests. [4]
Given that the operations of JV and GP are separate *212 undertakings, each operation is an independent activity that must be tested separately under the 30-percent test of section 1.469-2T(f)(3), Temporary Income Tax Regs., unless petitioner can aggregate the two undertakings into a single activity. Respondent's regulations on aggregation divide undertakings into various categories, one of which (rental real estate undertakings) is relevant to the instant case. A rental real estate undertaking is a rental undertaking in which at least 85 percent of the unadjusted basis of the property made available for use by customers is real property. Sec. 1.469-4T(k)(1)(ii), Temporary Income Tax Regs., 54 Fed. Reg. 20562 (May 12, 1989). Taxpayers generally may treat rental real estate undertakings as either separate activities, or as a single activity. Sec. 1.469-4T(k)(2)(i), Temporary Income Tax Regs. The aggregation rule of section 1.469-4T(k)(2)(i), Temporary Income Tax Regs., does not apply, however, to rental real estate undertakings for which less than 30 percent of the unadjusted basis of property used or held for use by customers in the undertaking during the taxable year is subject to an allowance for depreciation. *213 Sec. 1.469-4T(k)(6), Temporary Income Tax Regs. According to the preamble to section 1.469-4T(k)(6), Temporary Income Tax Regs., 54 Fed. Reg. 20562 (May 12, 1989), "This limitation is necessary to maintain the integrity of the recharacterization rule." T.D. 8253, 1989-1 C.B. 121, 125. Given the fact that JV does not meet the 30-percent test of section 1.469-4T(k)(6), Temporary Income Tax Regs., we hold that petitioner may not use section 1.469-4T(k)(2)(i), Temporary Income Tax Regs., to aggregate JV's rental real estate undertaking with GP's rental real estate undertaking. Accordingly, JV and GP are separate activities, and petitioner may not offset the income of one against the loss of the other because JV's income is considered portfolio income under section 1.469-2T(f)(3), Temporary Income Tax Regs., 53 Fed. Reg. 5721 (Feb. 25, 1988). We have considered all arguments made by petitioner and, to the extent not discussed above, find them to be without merit. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. We note that some of the stipulations are inconsistent with the attached exhibits. To the extent of any inconsistencies, we have disregarded the stipulations to the extent they are contrary to the weight of the evidence. Rule 91(e); Weinberg v. Commissioner, 44 T.C. 233, 244 (1965), affd. in part, revd. in part, and remanded sub nom. Commissioner v. Sugar Daddy, Inc., 386 F.2d 836↩ (9th Cir. 1967).
2. LP is a general partner in a real estate development business, the GP, and owns 85 percent of its interests. The passive loss was first distributed from GP to LP, and then from LP to petitioner.↩
3. Portfolio investment income may not offset passive losses.↩
4. Petitioner relies on sec. 1.469-4T(k)(8), Example (4) and (5), Temporary Income Tax Regs., 54 Fed. Reg. 20569↩ (May 12, 1989), to support her position. Petitioner's reliance on these examples is misplaced. Among other things, these examples refer to a single taxpayer who owns two separate rental real estate activities.